CHRISTINE KELLY, SBN 209701
454 Las Gallinas Avenue, Suite 106
San Rafael, CA 94903
415.297.3109 Tel.
415.324.8086 Fax

*Limited Scope Attorney for Plaintiff,*
*Gina Madrid*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO - OAKLAND - SAN JOSE

| | |
|---|---|
| GINA MADRID,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>HAHN FAMILY WINES, ALEJANDRO CORTEZ and DOES 1 through 100,<br>　　　　　　　Defendants. | Case No.:<br><br>**CIVIL ACTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: August 4, 2020 |

Plaintiff alleges:

1. At all times mentioned, Defendant Alejandro Cortez was an adult in full capacity at the time of injury to the Plaintiff, and a resident of Monterey County, CA.

2. At all times mentioned, Defendant HAHN FAMILY WINES was an corporation operating at the time of injury to the Plaintiff, in Monterey County, CA.

3. At all times mentioned, Plaintiff resided and resides in Monterey County, CA

4. The Plaintiff's injuries and damages caused by Defendants herein alleged occurred in Monterey County, CA.

5. All the pleadings and claims herein are derived from the same Nexus of Operative Facts and Events.

6. Plaintiff was employed with Defendant HAHN FAMILY WINES since November 15, 2018 – August 9, 2019 , with her job classification as a Tasting Room Host.

7. From in or around December 1, 2018 to February 9, 2019, Plaintiff's co-worker, Defendant Cortez, subjected Plaintiff to verbal and physical sexual harassment. Defendant HAHN FAMILY WINES was made aware of this harassment and was aware of Defendant Cortez's ongoing harassment of other workers. During this time no action was taken by Defendant HAHN FAMILY WINES from Plaintiff's complaints or by the complaints of others.

8. On or about January 15, 2018 Emily Doyle, Wine Club Manager of Defendant HAHN FAMILY WINES, and Tony Brandini, CEO of HAHN FAMILY WINES, informed Plaintiff that they planned to split Plaintiff's time to work as a Tasting Room Host and Wine Club Assistant, in both the Soledad and Carmel locations and would do so at the end of February, 2019.

9. On February 9, 2019, Defendant Cortez sexually assaulted Plaintiff at the HAHN FAMILY WINES location in Monterey. After the assault, Plaintiff fled from Defendant Cortez running to her vehicle and drove off, hoping to evade further attack.

10. As Plaintiff was driving, Mr. Cortez's vehicle gave chasing to Plaintiff's vehicle. Plaintiff was crying hysterically and terrified because of the prior assault and due to the fear of further assault as she was chased by Defendant Cortez' vehicle. As a result, Plaintiff was driven off

the road in her attempt to flee Defendant Cortez and thereby sustained major injuries, which led to Plaintiff's significant injury and pain.

11. Plaintiff immediately called her significant other and highway patrol about the vehicle accident. Plaintiff was approached by Defendant Cortez to drive to the hospital, to which Plaintiff agreed as her boyfriend knew the location and person she was with and Defendant Cortez knew she had called the police and boyfriend about the accident. Plaintiff was in shock and feared for her life.

12. Defendant Cortez dropped Plaintiff off at hospital and immediately left. Plaintiff submitted her report to the highway patrol officer while she was waiting to be seen in the emergency room and was still in shock. Plaintiff was admitted and released from the hospital on February 9, 2019.

13. On February 10, 2019, Plaintiff contacted her supervisor at Defendant HAHN FAMILY WINES, Jessica Schmidt, about the sexual assault and accident, and told her that she was unable to go into work until she saw a specialist.

14. Soon after, Shera Erickson, Human Resources Manager at Defendant HAHN FAMILY WINES, called and arranged to have a meeting with Plaintiff about the incident, with Ms. Erickson suggesting to have the meeting at Plaintiff's house on February 11, 2019. On February 11, 2019, Ms. Schmidt and Ms. Erickson both arrived at Plaintiff's house as agents of Defendant HAHN FAMILY WINES and discussed the sexual assault and accident, to which they apologized for not firing Defendant Cortez earlier based on his prior actions.

15. During the meeting, Ms. Erickson provided Plaintiff a copy of a workers compensation form to complete, which Plaintiff completed.

16. On February 12, 2019, Ms. Erickson informed Plaintiff that Mr. Cortez was terminated on February 11, 2019.

17. From February 12, 2019 to August 9, 2019, Plaintiff's doctor and Plaintiff communicated with Ms. Erickson about the status of Plaintiff's medical condition.

18. On or around mid or late February 2019, Plaintiff informed Ms. Erickson that Plaintiff would be able to return to work with restrictions. However, Defendant HAHN FAMILY WINES, via their agent Ms. Erickson, refused to accommodate Plaintiff. Plaintiff suggested to Ms. Erickson that she could return to work as a Wine Club Assistant in Wine Club department. In response, Defendant HAHN FAMILY WINES via their agent, Ms. Erickson falsely told Plaintiff that the position did not exist and there were no accommodating positions available. In fact, there were several accommodating positions available but Defendant HAHN FAMILY WINES as a form of retaliation and discrimination refused to provide the opportunity to plaintiff.

19. In fact, this specific position did exist as prior to the February 9th incident, Emily Doyle, Wine Club Manager of Defendant HAHN FAMILY WINES, and Tony Brandini, CEO of HAHN FAMILY WINES, had earlier informed Plaintiff that they planned to split Plaintiff's time to work as a Tasting Room Host and Wine Club Assistant, in both Soledad and Carmel locations. After the assault by Defendant Cortez and reporting to HAHN FAMILY WINES, this transfer of position never took place.

20. On August 9, 2019, Ms. Erickson sent Plaintiff an email stating that Plaintiff was terminated due to 'resignation, termination, and/or job elimination.' Plaintiff did not resign and Defendant HAHN FAMILY WINES did not provide any reasons for its actions. Defendant's termination of Plaintiff was discrimination against her sex and disability, as well as retaliation against her because Plaintiff engaged in protected activities, in violation of Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended.

21. On or about March, 2020, Plaintiff filed federal complaints of discrimination with the EEOC.

22. During this process, Agents of Defendant HAHN FAMILY WINES slandered Plaintiff by stating in writing to the EEOC that Plaintiff had later invited Defendant Cortez to her home and had drank alcohol with her. This misrepresentation was false, known to be false, and was made to damage Plaintiff's reputation by having the investigator wrongly think that Plaintiff associated with her sexual assaulter. Plaintiff suffered damages to her reputation, mental and physical health from these misrepresentations and suffered financially from them as well.

23. On or about May 6, 2020, after an investigation by the EEOC, Lisa Fung, an agent of the EEOC tendered Plaintiff a Right to Sue letter, attached hereto to the end of this complaint.

**FIRST CLAIM FOR RELIEF**
**GENERAL NEGLIGENCE**

**24.** Plaintiff incorporates the allegations of the preceding paragraphs by reference.

25. Plaintiff alleges this claim against all defendants.

26. Plaintiff alleges that above described defendants were negligent in their actions.

27. The negligence proximately caused the injuries as described herein.

28. Plaintiff would not have been injured but for defendants negligence.

29. Plaintiff prays for relief to be made whole for these injuries as pled below.

## SECOND CLAIM FOR RELIEF
### SEXUAL ASSAULT

30. Plaintiff incorporates the allegations of the preceding paragraphs by reference.

31. Plaintiff alleges this claim against all defendants.

32. Plaintiff alleges that above described defendants sexually assaulted her.

33. The negligence proximately caused the injuries as described herein.

34. Plaintiff would not have been injured but for defendants sexual assault upon her.

35. Plaintiff prays for relief to be made whole for these injuries as pled below.

## THIRD CLAIM FOR RELIEF
### VEHICULAR ASSAULT

36. Plaintiff incorporates the allegations of the preceding paragraphs by reference

37. Plaintiff alleges this claim against all defendants.

38. Plaintiff alleges that above described defendants assaulted plaintiff with his vehicle.

39. The vehicle assault proximately caused the injuries as described herein.

40. Plaintiff would not have been injured but for defendants vehicle assault.

41. Plaintiff prays for relief to be made whole for these injuries as pled below.

## FOURTH CLAIM FOR RELIEF
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42. Plaintiff incorporates the allegations of the preceding paragraphs by reference

43. Plaintiff alleges this claim against Defendant HAHN FAMILY WINES and DOES 1-10.

44. Plaintiff alleges that above described defendants violated TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

45. The violations of civil rights act of 1964 proximately caused the injuries as described herein.

46. Plaintiff would not have been injured but for defendants violation of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

47. Plaintiff prays for relief to be made whole for these injuries as pled below.

## FIFTH CLAIM FOR RELIEF
## VIOLATION BASED ON DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

48. Plaintiff incorporates the allegations of the preceding paragraphs by reference.

49. Plaintiff alleges this claim against Defendant HAHN FAMILY WINES and DOES 1-10.

50. Plaintiff alleges that above described defendants violated THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA"). Plaintiff has a disability. The defendant ran a business which was a place of public accommodation. Plaintiff was denied full and equal treatment because of her disability.

51. The violations of the ADA proximately caused the injuries as described herein.

52. Plaintiff would not have been injured but for defendants violation of the ADA.

53. Plaintiff prays for relief to be made whole for these injuries as pled below.

## SIXTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff incorporates the allegations of the preceding paragraphs by reference

55. Plaintiff alleges this claim against all defendants.

56. Plaintiff alleges that above described defendants were negligent in their actions so as to cause plaintiff emotional distress.

57. The negligence proximately caused the emotional distress injuries as described herein.

58. Plaintiff would not have been emotionally disturbed and injured but for defendants negligence.

59. Plaintiff prays for relief to be made whole for these injuries as pled below.

## SEVENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff incorporates the allegations of the preceding paragraphs by reference

61. Plaintiff alleges this claim against all defendants.

62. Plaintiff alleges that above described defendants were intentional in their actions.

63. The intentional acts proximately caused the emotional distress injuries as described herein.

64. Plaintiff would not have been injured but for defendants intentional infliction of emotional distress upon plaintiff.

65. Plaintiff prays for relief to be made whole for these injuries as pled below.

## EIGTH CLAIM FOR RELIEF

## SLANDER

66. Plaintiff incorporates the allegations of the preceding paragraphs by reference

67. Plaintiff alleges this claim against Defendant HAHN FAMILY WINES and DOES 1-10.

68. Plaintiff alleges that above described defendants slandered plaintiff.

69. The slander proximately caused the injuries as described herein.

70. Plaintiff would not have been injured but for defendants slander.

71. Plaintiff prays for relief to be made whole for these injuries as pled below.

## NINTH CLAIM FOR RELIEF
## RETALIATORY TERMINATION FOR REPORTING ILLEGAL CONDUCT

72. Plaintiff incorporates the allegations of the preceding paragraphs by reference.

73. Plaintiff alleges this claim against Defendant HAHN FAMILY WINES and DOES 1-10.

74. Plaintiff alleges that above described defendants terminated plaintiff in retaliation of her reporting illegal conduct.

75. The retaliatory termination proximately caused the injuries as described herein.

76. Plaintiff would not have been injured but for defendants retaliation.

77. Plaintiff prays for relief to be made whole for these injuries as pled below.

## TENTH CLAIM FOR RELIEF
## RETALIATORY TERMINATION FOR EXERCISING EMPLOYEE RIGHTS

78. Plaintiff incorporates the allegations of the preceding paragraphs by reference.

79. Plaintiff alleges this claim against Defendant HAHN FAMILY WINES and DOES 1-10.

80. Plaintiff alleges that above described defendants terminated plaintiff in retaliation of her exercising her employee rights.

81. The retaliatory termination proximately caused the injuries as described herein.

82. Plaintiff would not have been injured but for defendants retaliation.

83. Plaintiff prays for relief to be made whole for these injuries as pled below.

### ELEVENTH CLAIM FOR RELIEF
### RETALIATORY TERMINATION FOR
### PARTICIPATING IN AN OFFICIAL INVESTIGATION

84. Plaintiff incorporates the allegations of the preceding paragraphs by reference.

85. Plaintiff alleges this claim against Defendant HAHN FAMILY WINES and DOES 1-10.

86. Plaintiff alleges that above described defendants terminated plaintiff in retaliation of her participating in an official investigation.

87. The retaliatory termination proximately caused the injuries as described herein.

88. Plaintiff would not have been injured but for defendants retaliation.

89. Plaintiff prays for relief to be made whole for these injuries as pled below.

### TWELTH CLAIM FOR RELIEF
### VIOLATION OF FEDERAL FAIR LABOR STANDARDS ACT (FLSA) AND CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT

90. Plaintiff incorporates the allegations of the preceding paragraphs by reference.

91. Plaintiff alleges this claim against Defendant HAHN FAMILY WINES and DOES 1-10.

92. Plaintiff alleges that above described defendants violated California's fair employment and housing act and Federal Fair Labor Standards Act (FLSA).

93. This violation of California's fair employment and housing act and Federal Fair Labor Standards Act (FLSA) proximately caused the injuries as described herein.

94. Plaintiff would not have been injured but for defendants retaliation.

95. Plaintiff prays for relief to be made whole for these injuries as pled below.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor, and grant the following relief:

1. For general damages according to proof.

2. For all medical and incidental expenses according to proof.

3. For all loss of earnings according to proof.

4. For Punitive Damages according to proof

4. For costs of suit herein incurred.

5. For such other and further relief as the court may deem proper.

Dated August 4, 2020

BY: *C Kelly*

_____
Christine Kelly, Limited Scope Attorney for Plaintiff,  Gina Madrid

EEOC Form 161-B (11/16)         **U.S. E**QUAL **E**MPLOYMENT **O**PPORTUNITY **C**OMMISSION

# N**OTICE OF** R**IGHT TO** S**UE** *(I*SSUED ON *R*EQUEST*)*

| To: | **Gina Madrid**<br>**General Delivery Carmel By The Sea**<br>**Carmel By The Sea, CA 93921** | From: | **San Jose Local Office**<br>**96 North Third Street**<br>**Suite 250**<br>**San Jose, CA 95112** |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **556-2020-00307** | **Lisa B. Fung,**<br>**Investigator** | **(408) 291-4247** |

*(See also the additional information enclosed with this form.)*

**N**OTICE TO THE **P**ERSON **A**GGRIEVED**:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)                    **Rosa M. Salazar,**                 May 6, 2020
                                 **Director**                         *(Date Mailed)*

cc:   **Sherra Erickson**
      **Director of Human Resources**
      **Hahn Estates dba Hahn Family Wines**
      **P.O. Box C**
      **37700 Foothill Road**
      **Soledad, CA 93960**

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* **this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Enclosures(s)

cc:

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.